UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GEORGE W. WILSON,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO.: 3:19-CV-192-PPS-MGG |

OPINION AND ORDER

George W. Wilson, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP 18-6-84) at the Indiana State Prison in which a disciplinary hearing officer found him guilty of battery in violation of Indiana Department of Correction Offense 212. The battery was captured on a security video and showed Wilson punching another offender without provocation and then continuing the assault. [DE 11-1.] Following a disciplinary hearing, he was sanctioned with a loss of thirty days earned credit time.

Wilson argues that he is entitled to habeas relief because he did not receive assistance from a lay advocate. He maintains that he needed a lay advocate due to his mental condition and because correctional staff confiscated his wheelchair resulting in his inability to appear at the hearing. "[D]ue process [does] not require that the prisoner be appointed a lay advocate, unless an illiterate inmate is involved . . . or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Miller v.*

*Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992) (quotation omitted). Wilson's filings demonstrate his literacy, and the battery charge was not at all complex. Consequently, he was not entitled to a lay advocate under *Miller*. The real thrust of Wilson's complaint is that he needed a wheelchair to ferry him to the hearing, and the denial of one amounted to a due process violation. Yet the record shows that Wilson was seen on video walking to commit the assault. [DE 11-1.] And there is also evidence in the record that Wilson had been faking his need to have the wheelchair in the first place. [DE 13 at 2.] Given this evidence, it was not a violation of due process to require Wilson to walk to the hearing, and when he chose not to, to proceed with the hearing in his absence.[1]

Next, Wilson argues that he is entitled to habeas relief because he requested a witness statement from the battery victim but did not receive it. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* The administrative record includes a statement from the victim taken during the course of the investigation. Wilson may be refering to the denial of live

---

[1] I'm dubious of his claim that he cannot walk when a video shows him doing just that while assaulting another prisoner. Wilson signed his petition under penalty of perjury. While I decline to impose sanctions on the current record, he is advised that attempts to defraud the court may result in sanctions, including monetary fines, dismissal of his cases, or a filing ban. *See Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015); *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

testimony from the victim, but, given that he faced charges of subjecting the victim to physical violence, the risk of reprisal in forcing the victim to testify is readily apparent. Therefore, the argument that he did not receive a witness statement from the victim is not a basis for habeas relief.

Wilson also argues that he is entitled to habeas relief because correctional staff did not allow him to review the anonymous letter informing correctional staff of the battery incident. While the hearing officer was entitled to consider this anonymous letter at the hearing, Wilson was not entitled to personally review it. *See White v. Indiana Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001) ("prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public."); *Outlaw v. Anderson*, 29 F. App'x 372, 374 (7th Cir. 2002). There was an obvious security concern in allowing Wilson to see the letter. Therefore, the argument that Wilson was not allowed to review the anonymous letter is not a basis for habeas relief.

Because Wilson has not asserted a valid claim for habeas relief, the habeas petition is denied. If Wilson wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court of Cook Cnty., Ill.*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because I find pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES George W. Wilson leave to proceed in forma pauperis on appeal.

SO ORDERED.

ENTERED: April 20, 2020.

                                          /s/   Philip P. Simon
                                          PHILIP P. SIMON, JUDGE
                                          UNITED STATES DISTRICT COURT